

# IN THE
# TENTH COURT OF APPEALS

No. 10-23-00189-CR
No. 10-23-00190-CR
No. 10-23-00191-CR

## EX PARTE AIDAN SCOTT ALVARADO

From the 443rd District Court
Ellis County, Texas
Trial Court Nos. 49605CR, 49606CR, and 49607CR

## DISSENTING OPINION

I respectfully dissent to the dismissal of these appeals while these cases are abated

for further proceedings in the trial court and before we receive the trial court's

supplemental record. *See* TEX. R. APP. P. 38.8(b)(4). An abatement order was proposed

and circulated by the assigned chamber as follows:

> Appellant's briefs in these appeals were originally due on July 20, 2023. The Clerk of this Court warned appellant by letter dated July 25, 2023, these appeals would be abated if no briefs or satisfactory responses were filed within 14 days from the date of the letter. More than 14 days have passed and no briefs or responses of any kind were filed by appellant.
>
> Accordingly, we ABATE these appeals to the trial court to conduct any necessary hearings within 21 days of the date of this Order pursuant to Texas Rule of Appellate Procedure 38.8(b)(2) and (3), TEX. R. APP. P.

38.8(b)(2) & (3).  If appellant is indigent, the trial court is also ordered to determine whether appellant is receiving effective assistance of counsel, and if not, whether to appoint new counsel to represent appellant effectively.  If no new counsel is appointed, the trial court shall determine a date certain when appellant's briefs will be filed with this Court.

The supplemental clerk's and reporter's records required by Texas Rule of Appellate Procedure 38.8(b)(3), if any, are ordered to be filed within 28 days from the date of this Order.  *See* TEX. R. APP. P. 38.8(b)(3).

The abatement order above was approved by all members of this Court and issued on August 14, 2023, in compliance with Texas Rule of Appellate Procedure 38.8(b)(2) and (3).  *See id.* R. 38.8(b)(2), (3).  I joined in the abatement order because we questioned whether Alvarado's counsel was effectively representing him in these appeals involving the bond amounts set in two first-degree felony charges of aggravated kidnapping and a first-degree felony charge of burglary of a habitation with the intent to commit aggravated robbery.  *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.051; *see also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

On August 24, 2023, while these cases were abated, Alvarado's attorney[1] filed with this Court a motion for voluntary dismissal in each appeal, and on that day, the assigned chamber proposed and circulated three memorandum opinions that would dismiss each appeal.  The dismissals were proposed and circulated even though we had not yet received the trial court's record that "must be sent to the appellate court," which would

---

[1] This is the attorney who (1) failed to file briefs on behalf of Alvarado and (2) failed to respond to our letter of inquiry that warned the appeals would be abated and whom (3) we directed the trial court to evaluate for providing effective assistance of counsel to Alvarado.

include the trial court's determination whether Alvarado was receiving effective assistance of counsel. Tᴇx. R. Aᴘᴘ. P. 38.8(b)(3). On August 25, 2023, the Clerk of this Court certified that an order was entered lifting the abatement and reinstating the appeals. No such order was circulated, nor was an order approved by a majority of this Court. Rule 38.8(b)(4) of the Texas Rules of Appellate Procedure dictates that appellate court action must be based on the trial court's record. *See id.* R. 38.8(b)(4). Because the record before us has not been supplemented with the trial court's determination regarding whether Alvarado is receiving effective assistance of counsel on appeal in compliance with Rule 38.8(b)(3) of the Texas Rules of Appellate Procedure and the cases have not been reinstated by a majority vote of this Court, I respectfully dissent. *See id.*

MATT JOHNSON
Justice

Dissenting Opinion delivered and filed October 12, 2023



Ex parte Alvarado